**UNITED STATES of America and Richard C. Pfeiffer, Special Agent, Internal Revenue Service, Petitioners-Appellees,**

v.

**Berry L. KESSLER, Secretary, Brittany Builders, Inc., Respondent-Appellant.**

No. 72-1454.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 1, 1972.

Decided March 2, 1973.

Joseph F. Dillon, Raymond, Fletcher & Dillon, Detroit, Mich., for respondent-appellant.

Charles Anderson, Atty., Tax Div., Dept. of Justice, Washington, D. C., for petitioners-appellees; Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, John P. Burke, Attys., Tax Div., Dept. of Justice, Washington, D. C., on brief; William W. Milligan, U. S. Atty., W. Robinson Watters, Asst. U. S. Atty., Columbus, Ohio, of counsel.

Before WEICK, PECK and KENT, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the District Court enforcing an Internal Revenue summons, Title 26 U.S.C. § 7602, requiring the respondent to produce certain books and records of an alleged Ohio corporation.

A brief review of the proceedings in the District Court is appropriate. The petition for enforcement of the summons

---

was filed on September 27, 1971. On the same day an order was issued requiring the respondent to show cause why the summons should not be enforced. After various interim proceedings an order was entered on December 3, 1971, which provided in part:

"For these reasons, it is Ordered that respondents be allowed reasonable discovery of petitioner's agents and witnesses prior to the adversary hearing in this cause, * * * and it is Further Ordered that said discovery be completed by December 20, 1971, * * *." App. pgs. 46a & 47a.

Thereafter, and on December 13, 1971, the petitioners filed a motion "For Temporary Suspension of Discovery or Protective Order." On December 15, all counsel appeared in the Court's chambers and had extensive argument as to which Government Agents should be deposed and the timing of the depositions. During the course of the December 15 hearing, the Court said at one point:

"Now, let me return, then, so that there will be no question. I am not determining that Mr. Dillon may not at any time expand these depositions. At the moment, I am going to permit him to take the depositions of Miss Leggett, Mr. Deal and Mr. Pfeiffer * * *." App. pg. 142a.

Later during the same hearing the Court said:

"Well, Mr. Dillon, let me go into this for just a moment. I am satisfied to permit you to take Mr. Pfeiffer's deposition twice. Is there any reason why that can't be done in just that fashion, that you take two depositions of Pfeiffer, if you so choose, before you take Leggett and Deal?" App. pg. 154a.

The first deposition of Mr. Pfeiffer, Special Agent, Internal Revenue Service, was taken December 23, 1971, and the parties again met with the Court on January 26, 1972. In the period between the taking of Mr. Pfeiffer's deposition and the proceedings in the Court's chambers, on January 26, 1972, certain briefs relating to issues of law were filed with the Court. During the proceedings on January 26, the trial court had the following to say, in part:

"* * * Mr. Dillon is correct that we agreed to permit two depositions. As I recall, Mr. Dillon had indicated that the first deposition he really didn't care what the answers were, but he would take those answers and interrogate further in the second deposition. * * *, but I think in fairness to Mr. Dillon, if I am imposing a burden, I should give him an opportunity to meet the burden. So, I am going to allow the second deposition to be taken. As a matter of fact, I would ask that it be taken promptly." App. pg. 159a.

After the hearing on January 26, arrangements were made to take the second deposition of Special Agent Pfeiffer on February 19, 1972. This date was accelerated to February 3, 1972, but on February 1, 1972, it was adjourned because petitioners' counsel would be unavailable on February 3, 1972.

Without any motion or notice, and without consulting with counsel, the Court, on February 18, 1972, 338 F. Supp. 420, handed down an opinion and order granting enforcement of the summons and requiring the respondent to appear within 30 days for the purpose of making available the materials requested by the summons.

We do not reach any issue relating to alleged errors in the trial court's opinion and order. We hold that when a trial court informs counsel for a party that discovery will be permitted and orders the other party to submit to such discovery, the court may not, without warning or hearing, change its mind and terminate the litigation. This does not fit our concept of fairness and due process. It may very well be that the District Court's enforcement of the summons is correct under the circumstances of this case in view of the defenses asserted.

Counsel for the respondent are entitled to be heard on all proper issues and we suggest that in the future the hearings be in the courtroom.

Reversed and remanded for further proceedings.